IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVE CHRISTOPHER LAWRENCE, ) | |
| #257 833, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:11-CV-751-TMH |
| ) | [WO] |
| GARY HETZEL, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Steve Lawrence on September 6, 2011.[1] In this petition, Petitioner challenges his conviction and sentence for murder entered against him by the Circuit Court for Russell County, Alabama, on January 18, 2008.  Petitioner is serving a sentence of life imprisonment.

---

[1] Although the present petition was stamped "filed" in this court on September 12, 2011, the petition was signed by Petitioner on September 6, 2011.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Lawrence] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers September 6, 2011 as the date of filing.

Petitioner filed a direct appeal of his conviction and sentence.[2] Appellate counsel filed an *Anders* brief[3] and a motion to withdraw. On December 17, 2008, the Alabama Court of Criminal Appeals granted Petitioner an opportunity to file *pro se* issues for the court's consideration, but he did not file any. On February 13, 2009, the appellate court, after reviewing the record and finding no reversible error, issued an unpublished opinion affirming the trial court's judgment. The Court of Criminal Appeals issued a certificate of judgment on March 4, 2009. Petitioner did not seek further review of his conviction and sentence. *Doc. No. 8, Exhs. E, F, G*.

On May 21, 2009, Petitioner filed a *pro se* Rule 32 petition with the trial court. He presented the following claims:

> 1) Trial counsel was ineffective for failing to object to the trial court's jury instructions which informed the jury that it can consider sympathy, emotion, and prejudice in reaching its verdict;
>
> 2) Trial counsel was ineffective for failing to hire a ballistics expert;
>
> 3) Trial counsel was ineffective for failing to investigate and present testimony from Michael Miles who would have corroborated Ms. Johnson's testimony;
>
> 4) Appellate counsel was ineffective for filing and *Anders* brief;
>
> 5) Trial counsel was ineffective for failing to object to the trial court's failure to instruct the jury on lesser-included offenses; and

---

[2] Retained counsel represented Petitioner at trial. The Alabama Court of Criminal Appeals appointed new counsel to represent Petitioner on appeal. *See Lawrence v. State of Alabama*, 2011 WL 3701548 (Ala. Crim. App. 2011) (Appellant's Brief on Application for Rehearing).

[3] *Anders v. California*, 386 U.S. 738 (1967).

> 6) The trial court erroneously instructed the jury that it could consider sympathy, emotion, or prejudice in reaching its verdict.

*See Doc. No. 8, Exh. H at 2.*

On February 24, 2010, the trial court held an evidentiary hearing on the post-conviction petition. At the beginning of the hearing the trial court dismissed Petitioner's allegation that the trial court erroneously instructed the jury that it could consider sympathy, emotion, or prejudice in reaching its verdict finding that the transcription on which Petitioner based this claim was a clerical error and that the trial court had, in fact, instructed the jury that "[i]n arriving at a verdict in this case, you must not permit sympathy, prejudice, or emotion to influence you." Thereafter, both sides presented evidence which included the testimony of Petitioner's trial counsel.[4] On January 3, 2011, the trial court issued a detailed order denying Petitioner relief on his post-conviction petition. *See Doc. No. 8, Exh. H at 2.*

Petitioner, with the assistance of retained counsel, appealed the trial court's denial of his Rule 32 petition. Petitioner presented as the sole issue for review that his case should be remanded to the trial court in order to provide him with another opportunity to present evidence regarding his ineffective assistance of appellate counsel claim. Specifically, Petitioner argued that appellate counsel's decision to file an *Anders* brief was an error of constitutional magnitude and that the factual basis for this claim had not been adequately developed at the evidentiary hearing. Petitioner, therefore, maintained that the record lacked

---

[4] *See Lawrence v. State of Alabama*, 2011 WL 3701548 (Ala. Crim. App. 2011) (Appellant's Brief on Application for Rehearing).

sufficient facts for purposes of appellate review of the claim and requested that his case be remanded to the trial court so that he could haven another opportunity to develop the evidentiary basis for his ineffective assistance of appellate counsel claim. *Doc. No. 8, Exh. H* at 2-3. On June 24, 2011, the Alabama Court of Criminal Appeals issued an unpublished opinion affirming the lower court's judgment. More specifically, the appellate court determined that Petitioner had not preserved his claim on appeal for review:

> Because [Petitioner] failed to argue to the circuit court that he was denied the opportunity to present evidence in support of his ineffective-assistance-of-appellate-counsel claim, because he failed to request an additional opportunity to prove this claim, and because he offers no justification for his failure to present such evidence on appeal, this issue is not preserved for this Court's review.

*Id.* at 3.

With the assistance of counsel, Petitioner filed an application for rehearing which the Court of Criminal Appeals denied on July 22, 2011. *Doc. No. 8, Exh. I*. The appellate court issued a certificate of judgment on August 10, 2011. *Id., Exh. J*. The Alabama Supreme Court denied Petitioner's *pro se* petition for writ of certiorari as untimely on August 24, 2011. *Id., Exh. K*. Petitioner subsequently filed a request with the Alabama Supreme Court to file an out-of-time certiorari petition which the court denied on September 5, 2012. *Doc. No. 20, Exh. B*.[5]

---

[5]Petitioner filed this habeas petition *pro se*. Counsel made an appearance in this matter on August 9, 2012, for the purpose of filing a motion to stay and hold the habeas petition in abeyance on the ground that Petitioner had contemporaneously filed a request with the Alabama Supreme Court to file an out-of-time certiorari petition as a result of Rule 32 appellate counsel's failures to both notify Petitioner that his application for rehearing had been denied and to file a timely petition for writ of certiorari. Counsel filed no

Petitioner filed the instant application for habeas corpus relief on September 6, 2011. He presents the following issues for review:

1. Petitioner was denied his Sixth Amendment right to effective assistance of counsel where trial counsel;

    a. Failed to object to the trial court instructing the jury that it could consider sympathy, emotion, and prejudice in reaching its verdict;

    b. Failed to investigate and present testimony from Michael Miles who would have corroborated the testimony of Ms. Johnson;

    c. Failed to object to the trial court's failure to instruct the jury on lesser-included offenses;

    d. Failed to hire a ballistics expert;

2. Appellate counsel was ineffective for filing an *Anders* brief;

3. The trial court erroneously instructed the jury that it could consider sympathy, emotion, or prejudice in reaching its verdict;

4. The trial court watered down the grounds Petitioner presented in his post-conviction petition, especially his claims of ineffective assistance of counsel. *Doc. No. 1 at Supplement*.

Respondents filed an answer which they contend that Petitioner's habeas petition is due to be denied because his claims for relief are procedurally defaulted as he failed to

---

other pleadings in this matter and subsequently filed a motion to withdraw on October 30, 2013. The court granted the motion by order entered November 1, 2013. *Doc. Nos. 11, 16, 19*.

present his claims to the state courts in accordance with the state's procedural rules and his claims are not capable of further presentation to the state courts due to state procedural rules. *See Doc. Nos. 8, 20. See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001) (2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n.9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).

Petitioner took advantage of the opportunity granted to respond to Respondents' answer. *Doc. No. 10*. After reviewing the § 2254 petition, Respondents' answers, and Petitioner's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

Respondents assert that Petitioner has procedurally defaulted all the claims presented in his habeas corpus petition. The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-

court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

In the instant action, Petitioner's challenges to his conviction are defaulted due to his failure to present his claims in accordance with the state's procedural rules which, as explained, is required to exhaust and preserve Petitioner's claims for federal habeas review. Specifically, Petitioner's challenges to trial and appellate counsel's performance and his assertion of trial court error were presented in his Rule 32 proceeding but he failed to pursue them on appeal from the trial court's denial of that petition. S*ee O'Sullivan*, 526 U.S. 838, 845; *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003); *Smith*, 256 F.3d at 1137. *See also Doc. No. 8, Exh. H* at 3 n.1. Petitioner's claim that the trial court watered down his ineffective assistance of trial counsel claims at the Rule 32 proceeding is raised for the first time in the instant proceedings. *See Brownlee*, 306 F.3d at 1065.

7

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id*." *Henderson*, 353 F.3d at 892.

*A.  Cause and Prejudice*

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his claims in the state courts properly and prejudice resulting from this failure.  In his response, Petitioner asserts as cause for his defaulted claims Rule 32 appellate counsel's failure to provide him with timely notification of the Alabama Court of Criminal

Appeals' July 22, 2011, decision overruling his application for rehearing. Petitioner states he first received notice of the appellate court's decision on August 12, 2011, when he received counsel's letter dated August 9, 2011, informing him of such. He then prepared his petition for writ of certiorari which he placed in the mail on August 19, 2011. *Doc. No. 10.* The Alabama Supreme Court denied the petition as untimely on August 24, 2011. *Doc. No. 8, Exh. K.* Almost a year later, Petitioner retained counsel to file a request for permission to file an out-of-time petition for writ of certiorari. *Doc. No. 12 at 2.* The Alabama Supreme Court denied the request on September 5, 2012. *Doc. No. 20, Exh. B*.

Petitioner's assignment of error with respect to post-conviction appellate counsel's conduct in failing to timely notify him of the Alabama Court of Criminal Appeals' ruling on his rehearing application does not establish cause for the default of those claims raised in the instant proceeding. That is, Petitioner's argument seeks to establish cause for the default of a claim which he did not present for review in this matter. Even had Petitioner had argued that post-conviction appellate counsel's deficient performance was cause for the default of the claims presented in the instant petition, the law is settled that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default in a federal habeas proceeding because there is no constitutional right to counsel in post-conviction proceedings. *See Coleman,* 501 U.S. at 756-57. *But see Martinez v. Ryan,* ___ U.S. ___, ___, 132 S.Ct. 1309, 1315-18 (2012) (narrowly modifying the holding in *Coleman*, 501 U.S. 722, by explaining that while a petitioner still has no independent

9

constitutional right to post-conviction counsel, any equitable cause and prejudice allegations concerning the inadequacies of post-conviction counsel can be asserted *only* in an attempt to overcome the procedural default of an ineffective assistance of trial counsel claim when the default occurred *at the Rule 32 court level*, and noting that the holding did not apply to errors made by post-conviction counsel in any other collateral proceedings, *e.g.*, post-conviction appellate proceedings, or any issue other than failure to raise an ineffective assistance of trial counsel claim).

Based on the foregoing, Petitioner demonstrates neither cause for his failure to present those claims considered defaulted to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

*B. Fundamental Miscarriage of Justice*

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not ***itself*** be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim." *Edwards,* 529 U.S. at 453 (emphasis in original). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before

a court may consider constitutional claims which are defaulted. *Schlup*, 513 U.S. at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006) (citations omitted). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *Id*. at 537.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998); *House,* 547 U.S. at 538. In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup,* 513 U.S. at 324.

> *Schlup* observes that
>
>> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

In this case, Petitioner simply presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Steve Lawrence, be DENIED and DISMISSED with prejudice.

 It is further

ORDERED that **on or before April 3, 2014,** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of March 2014.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE